**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4649**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIE THOMAS WORSHAM,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Roderick Charles Young, District Judge.  (4:13-cr-00027-RCY-TEM-1)

———————

Submitted:  June 7, 2024                                                    Decided:  July 25, 2024

———————

Before GREGORY and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Kashan K. Pathan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Thomas Worsham appeals the district court's order revoking his supervised release and imposing a sentence within his policy statement range of 12 months in prison and 18 months of supervised release with a special condition requiring an evaluation for anger management treatment and to attend treatment if necessary. On appeal, Worsham contends his sentence is plainly unreasonable, because the district court did not adequately explain its chosen sentence or address his arguments for a shorter sentence. We affirm.

"[W]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Cohen*, 63 F.4th 250, 258 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 165 (2023). "First, we determine whether the sentence was procedurally or substantively unreasonable, taking 'a more deferential appellate posture than we do when reviewing original sentences.'" *United States v. Rios*, 55 F.4th 969, 973 (4th Cir. 2022) (quoting *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015)). "We then determine whether any unreasonableness was plain, i.e., clear or obvious." *Id*. (internal quotation marks omitted). We presume that a revocation sentence within the policy statement range is reasonable. *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). A sentence within the policy statement range requires less explanation. *Id*. at 439. The district court "must address the parties' nonfrivolous

2

arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). But, where the district court imposes a sentence within the policy statement range, the district court's acknowledgement that it considered the defendant's arguments may be sufficient to satisfy procedural reasonableness. *Patterson*, 957 F.3d at 438-39. "And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *Slappy*, 872 F.3d at 207.

We have reviewed the record and Worsham's arguments, and we conclude that the district court adequately explained its chosen sentence after considering the Chapter Seven policy statement range and the applicable 18 U.S.C. § 3553(a) sentencing factors; and his sentence is not plainly unreasonable. Worsham admitted violating a special condition that prohibited his contact with the victim of an assault allegedly committed by Worsham while on supervised release; and the Government dismissed the other violations alleged in the petition on supervised release. In admitting the violation, Worsham admitted that he texted the alleged victim as stated in the petition about her appearance and testimony as a witness in state court proceedings; and he did not dispute the content of those text messages.

Regarding his violation, Worsham accepted responsibility for what he did but noted that he had a complicated relationship with the alleged victim. Regarding his history and characteristics, Worsham asserted that he had done some positive things during his term of supervision; and he asked the district court to balance those things against his violation and impose a prison sentence below his policy statement range, additional supervision to

3

follow, and anger management training. The Government argued that a prison sentence within the policy statement range, additional supervision, and anger management training were necessary due to the nature and circumstances of Worsham's violation, his history of assaulting people, and the need to deter him specifically and protect the public.

In imposing its sentence, the district court explained that it had considered the policy statement range, the petition on supervised release, the arguments of counsel, Worsham's allocution, and the applicable sentencing factors, including the nature and circumstances of Worsham's violation, his history and characteristics, the need for the sentence to afford adequate deterrence to criminal conduct, and the need to protect the public from his further crimes. The court also explained that Worsham had to find a way to raise his child with the alleged victim without violating the law; and the court hoped that this prison term, further supervision, anger management treatment, and the outcome of his state court case would deter him from running afoul of the law. While the court did not specifically address the positive things counsel asserted Worsham had done on supervised release, it did expressly note it had considered the arguments of counsel, Worsham's allocution, and the petition on supervised release, which included some of those positive things, as well as the sentencing factor concerning his history and characteristics, to which those positive things applied.

The district court also imposed the special condition of supervision regarding anger management treatment as suggested by the parties. Having reviewed the entire record, we conclude that the court's explanation was sufficient to satisfy procedural reasonableness. Even assuming the court's explanation was insufficient, we further conclude the sentence

4

is not plainly unreasonable; and any lack of explanation is harmless for the reasons argued by the Government. *See United States v. Boulware*, 604 F.3d 832, 840 (4th Cir. 2010).

Accordingly, we affirm the district court's revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*